No. 85-313

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN THE MATTER OF THE DENIAL OF
LICENSURE OF RUDOLPH E. WHITE.

_____

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Geoffrey L. Brazier, Dept. of Commerce, Helena,
Montana

For Respondent:

Michael P. Sand, Bozeman, Montana

_____

Submitted on Briefs: Nov. 6, 1985

Decided: January 23, 1986

Filed: JAN 23 1986

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The Board of Nursing appeals from a judgment of the District Court, First Judicial District, Lewis and Clark County which reversed the decision of the Board of Nursing and ordered the Board to license the petitioner. We affirm.

The Board of Nursing raises four issues on appeal. 1) Should Rudolph E. White be licensed as a practical nurse in Montana? 2) Did the District Court disregard uncontroverted credible and material evidence? 3) Did the District Court substitute its opinion for that of the agency as to the weight of the evidence? 4) Did the District Court erroneously construe the applicable statutes? We will treat all these issues together.

Rudolph E. White applied to the Board of Nursing of Montana for a practical nurse license by endorsement pursuant to section 37-8-417, MCA. He was denied that license. He requested the Board review the denial of his license. The Board considered the denial of his license at its meeting and again denied the license. White requested administrative review of the Board's decision. A hearing was held, witnesses were heard and exhibits were introduced. The hearing examiner concluded that the Board should issue the license. The matter was referred back to the Board of Nursing which held another hearing. The Board reversed the decision of the hearing examiner and denied the license. White petitioned for judicial review. The District Court adopted the Findings of Fact and Conclusions of Law of the hearing examiner and ordered the Board to license White.

The Board appeals.

After White graduated from high school in New York, he served as an army medic for six years. After being honorably discharged from the service, he worked as a laboratory technician in cancer research for eight years. He also attended medical assistant's school for a year.

White attended Onondaga Community College in Syracuse from the spring semester of 1975 through fall semester 1977 where he earned 57 credits of the required 62 credits toward a registered nurse degree. New York allows a candidate for a registered nurse degree to take the licensed practical nurse examination after completion of three semesters of the registered nurse program if their grades are satisfactory. In 1980, White successfully passed the National Standardized Practical Nursing Examination and was licensed as a practical nurse in New York. White worked as a practical nurse in New York until 1982 when he came to Montana. His New York license is still valid.

White applied for a license by endorsement in Montana under section 37-8-417, MCA. That section states:

> The board may issue a license to practice as a licensed practical nurse, without examination, to an applicant who has been licensed or registered as a licensed practical nurse or person entitled to perform like services under a different title under the laws of another state or territory if, in the opinion of the board, the applicant meets the requirements for practical nurses in this state.

The requirements for practical nurses in this state are set out in section 37-8-415, MCA.

> An applicant for a license to practice as a licensed practical nurse shall submit to the board written evidence, verified by oath, that the applicant:
>
> (1) has successfully completed at least an approved 4-year high school course of study or the

equivalent as determined by the office of the superintendent of public instruction;

(2) is a graduate of an approved practical nursing education program that is authorized to prepare persons for licensure as practical nurses; and

(3) meets other qualification requirements the board prescribes in its rules.

The Board argues that White cannot be licensed by endorsement in Montana, nor will the Board allow him to take the Montana examination until he graduates from an approved practical nursing education program. They argue he did not graduate since he holds no diploma. They also argue that the school White went to while it is an approved school for registered nurses, is not an approved school for licensed practical nurses. Thus they argue White should enroll in a licensed practical nurse program in Montana and graduate before he can take the Montana exam.

White argues he completed the equivalent of graduation from a school of practical nursing. Under New York law, an applicant may take the examination if he graduates from a practical nursing program or if he completes the equivalent thereof. White qualified under the equivalent preparation section of New York law and passed the standardized, nationalized examination, which is used both in New York and in Montana. His score was sufficient to constitute passing in both New York and Montana. He argues that by refusing him a license in Montana, the Board is attempting to disapprove of the educational standards of New York.

We first look to the standard of review of agency decisions under MAPA. Section 2-4-704, MCA states, "The [district] court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions,

- 4 -

or decisions are: . . . (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." In this case, the District Court reversed the decision of the agency and found the decision was arbitrary, capricious and abusive of discretion and affected by other error of law. The District Court adopted in their entirety the Findings of Fact and Conclusions of Law of the hearing examiner. The District Court found the Board's interpretation of section 37-8-417, MCA is "hypertechnical, defeats the clear intention of the legislature and would deprive the public of the services of a well qualified, probably over-qualified, licensed practical nurse."

We agree with the District Court that the Board's interpretation of the statute is hypertechnical. The statute should be interpreted to mean the applicant's education has been approved and authorized by the state in which he has been licensed. The District Court is also correct that the Board's interpretation of the statute defeats the intention of the legislature. The intention of the legislature is expressed in section 37-8-101(2), MCA.

> In order to safeguard life and health, any person practicing or offering to practice practical nursing in this state for compensation or personal gain shall be required to submit evidence that he or she is qualified to practice and shall be licensed as hereinafter provided.

Denying this applicant a license frustrates the legislative intent of safeguarding life and health. Finally, the District Court is correct in holding that denying this applicant a license deprives the public of a well-qualified applicant. It has not been argued and cannot be argued that

- 5 -

the applicant's qualifications are in any way deficient for the purpose of being a licensed practical nurse in Montana.

The effect of the Board's decision is to deny to qualified applicants the right to practice in Montana. The District Court did not err. We affirm.

                                   _John C. Sheehy_
                                         Justice

We Concur:

_J. A. Turnage_
Chief Justice

_Frank Morrison_

_Fred J. Weber_

_L. C. Gulbrandson_ ,
Justices