MR. CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Petitioner and appellant David Vernon Kauffman, M.D., appeals an order of the Eleventh Judicial District, Flathead County, affirming the decision of the State Board of Medical Examiners (Board) to revoke Kauffman’s medical license. We affirm.
Two issues are presented for our review:
1. Did the Board abuse its discretion when it revoked Kauffman’s medical license?
2. Was appellant Kauffman prejudiced when the Board offered Exhibit 8 into evidence?
Appellant, Dr. David Kauffman, is a graduate of Eastern Mennonite College, Harrisburg, Virginia, and Hahnemann Medical College, San Francisco, California. In 1957 Kauffman interned at Sacred Heart Hospital in Spokane, Washington. Since 1959, he has practiced medicine in Whitefish, Montana.
Following the death of two infant patients in 1984, the Board restricted Dr. Kauffman’s license by barring him from treating obstetrical patients and providing neo-natal care to infants. The Board alleged three instances of unprofessional conduct. Following continuance, Dr. Kauffman responded by denying any unprofessional conduct.
On October 25, 1985, the Board issued an amended notice of hearing based upon the same allegations. The Board reconfirmed that Dr. Kauffman was restricted from practicing obstetrical and neo-na *206 tal care. The amended notice also contained the following allegations:
IV. Dr. Kauffman aided and abetted another person in the unlicensed practice of medicine;
V. Dr. Kauffman falsely, fraudulently and deceptively submitted bills to the Montana Social and Rehabilitative Services (SRS);
VI. Dr. Kauffman continued to provide prenatal care to a patient following the original restriction order; and
VII. Dr. Kauffman provided care for a new obstetrics patient following the original restriction order.
Contested hearings were held March 17, 18, 19 and March 30 and April 1, 1986. On June 23, 1986, another hearing was held before the full Board of Medical Examiners. The Board issued its final order on June 27, 1986, revoking Dr. Kauffman’s license to practice medicine. On April 1, 1987, the Honorable Michael H. Keedy affirmed the Board’s order.
In Count I, the Board alleged that Dr. Kauffman committed negligent medical practice when caring for Susan Buck and her unborn baby. The Board determined that:
(1) Dr. Kauffman’s birthing room was not adequately equipped;
(2) obstetrical patients were not fully informed of the process of office birthing; and
(3) Dr. Kauffman did not have a protocol for complications.
The Board also determined that Dr. Kauffman committed negligence and gross malpractice when the unborn baby’s umbilical cord became prolapsed and Dr. Kauffman failed to:
(1) leave Susan Buck in the care of qualified and competent personnel;
(2) administer oxygen;
(3) place Susan Buck in the knee-chest position;
(4) transport Susan Buck to the North Valley Hospital in Whitefish (instead of Kalispell Regional Hospital),
(5) accompany Susan Buck to the hospital and push on the head of the baby and monitor the baby.
In Count II, the Board alleged that Dr. Kauffman committed negligent medical practice and gross medical malpractice when caring for Kimberly Koppen and her unborn baby. The Board found that Dr. Kauffman committed negligence and gross malpractice when Dr. Kauffman failed to:
(1) test Kimberly for gestational diabetes;
*207 (2) perform non-stress testing after Kimberly Koppen reached full term;
(3) recognize Kimberly was a complicated patient with a family history of diabetes and was post-term;
(4) adequately monitor the unborn baby;
(5) deliver the infant once fetal distress was obvious.
In Count III, the Board alleged that Dr. Kauffman misled some of his obstetrical patients when he informed them that he would have hospital privileges before the birth of their children. Dr. Kauffman did not refute the Board’s allegation.
In Count IV, the Board found Dr. Kauffman not guilty of aiding and abetting an unlicensed physician in the practice of medicine. In Count V, the Board found Dr. Kauffman not guilty of false, fraudulent or deceptive billing practices.
In Counts VI and VII the Board found Dr. Kauffman guilty of violating the Board’s order that Dr. Kauffman discontinue to provide obstetrical care. Dr. Kauffman did not dispute the Board’s finding.

Issue 1

Did the Board abuse its discretion when it revoked Kauffman’s medical license?
Our standard when reviewing contested cases under the Montana Administrative Procedures Act (MAPA) is found in Section 2-4-704, MCA, which provides in pertinent part:
“(2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decision are:
“(a) in violation of constitutional or statutory provisions;
“(b) in excess of the statutory authority of the agency;
“(c) made upon unlawful procedure;
“(d) affected by other error of Law;
“(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
“(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
“(g) because findings of fact, upon issues essential to the decision, were not made although requested. [Emphasis added.]”
Appellant Kauffman does not challenge any of the Board’s findings *208 of fact or conclusions of law. Further, Dr. Kauffman does not challenge the Board’s authority to revoke his medical license. Rather, appellant Kauffman contends the Board acted in a punitive, rather than a protective manner when it revoked his license. In re Matter of the Denial of License of Rudolph E. White (Mont. 1986), [220 Mont. 36,] 712 P.2d 1344, 1346, 43 St.Rep. 151, 154; Section 37-3-101, MCA. Appellant argues that a license restriction rather than a license revocation is the proper remedy.
The Board made 134 findings of fact which were adopted by the District Court. A review of the Board’s findings reveals that Dr. Kauffman practiced medicine in a “half-hearted” manner in nearly all areas of his medical practice. Clearly, the Board’s decision is based on reliable, probative and substantial evidence, Section 2-4-704(2)(e), MCA.
In the Board’s conclusions of law, the serious nature of this proceeding is addressed:
“Underlying this proceeding is the unspoken problem of terminating this doctor’s right to practice his chosen profession, and the havoc that will bring to him and his family. No doubt this is a point which must be seriously considered. However, the upheaval revocation will cause the Kauffmans is a mere inconvenience when compared to the agony caused the two families by the deaths of their infants.
“Dr. Kauffman’s care and treatment of S.B. and K.K. are each by themselves enough to invoke revocation of Dr. Kauffman’s license to practice medicine. However, the evidence established that the unfortunate deaths of the two infants were no quirks of fate occurring in the practice of an otherwise competent and conscientious physician. Rather, they were all but inevitáble events in view of the lax and half-hearted manner in which Dr. Kauffman practiced medicine. Whether this is a result of disinterest or inability is only of secondary interest.”
As a court of last resort, we appreciate the gravity of removing appellant’s means of livelihood. However, we are bound by Section 2-4-704, MCA, to affirm the findings of fact and conclusions of law of the Board and the District Court in absence of an abuse of discretion. Yanzick v. School Dist. No. 23 (1982), 196 Mont. 375, 388, 641 P.2d 431, 439. We hold the District Court did. not abuse its discretion when it revoked appellant’s license to practice medicine.

Issue 2

*209 Was appellant Kauffman prejudiced when the Board offered Exhibit 8 into evidence?
Appellant contends Exhibit 8, a 1978 letter from the Board to Dr. Kauffman, was introduced at the hearing without proper prehearing exchange. Section 2-4-612, MCA. The hearing examiner initially admitted Exhibit 8 over appellant’s objection. In his findings of fact and conclusions of law, the hearing examiner reversed his ruling and rejected Exhibit 8. In doing so, the hearing examiner stated:
“I now reverse that ruling. Exhibit 8 is excluded from the evidence and was not considered by me in preparation of these findings of fact and conclusions of law. In light of the overwhelming evidence it would have made no difference.”
In light of the above-mentioned statement, we hold the appellant Kauffman was not prejudiced by introduction of Exhibit 8. The issue at hand is similar to a bench trial, in which the trier of fact routinely reviews proposed exhibits before admitting or rejecting them. Appellant’s argument is unpersuasive.
We suggest that Dr. Kauffman continue his medical education and training if he desires to move the Board of Medical Examiners to reinstate his medical license.
Affirmed.
MR. JUSTICES HARRISON, WEBER, GULBRANDSON, HUNT and McDONOUGH concur.