MR. JUSTICE SHEEHY,
dissenting:
Dr. Kauffman has limited his appeal in this case to the breadth of the order revoking his medical license. He contends that out of his broad general practice, as a general practitioner, the issues on which the Board of Medical Examiners found against him are limited to the narrow field of his practicing obstetrics-gynecology. The findings of the Board substantiate his argument. Apart from the problems that developed from his practice of obstetrics, no complaint exists against him with respect to any other portion of his general practice which over nearly 30 years, has been extensively broad.
On review from an agency decision under the Montana Administrative Procedure Act (Section 2-4-704, MCA), “the standard of review to be applied to findings of fact by a reviewing court is one of clearly erroneous”; conclusions of law are subject to an “abuse of discretion review.” Billings v. Billings Fire Fighters Local No. 521 (1982), 200 Mont. 421, 651 P.2d 627. It appears to me to be an abuse *210 of discretion to revoke completely Dr. Kauffman’s license to practice medicine, when, in the light of the objections made, a fair result could be obtained by simply restricting him from the practice of obstetrics-gynecology. The Board has power to do so under Section 37-3-323(4) (e), MCA. When the Board disciplines a practitioner, it may “take any other action in relation to disciplining him as the Board in its discretion considers proper.”
There is power under our statutes for the Board to enforce a partial restrictive order or suspension of the right to practice. A violation of the Board’s order restricting such practice is punishable as a misdemeanor under Section 37-3-325, MCA. That course was not followed here by the Board, although if the Board’s allegations were true, a procedure under Section 37-3-325, MCA, would be more effective in enforcing the Board’s suspension order. The ensuing action of the Board in completely revoking his license to practice, rather than a partial suspension relating to the field in which it charged incompetence has a punitive smack. Punishment is the business of courts and not of administrative agencies. In Matter of White (Mont. 1986), [220 Mont. 36,] 712 P.2d 1344, 43 St.Rep. 151, we found the denial of a nursing license to be hypertechnical and an abuse of discretion by the agency. In White we also pointed that the intention of the legislature should be served by licensing agencies in the discharge of their duties. Here, the privilege of the practice of medicine should be regulated “to the end that the public shall be properly protected against unprofessional, improper, unauthorized, and unqualified practice of medicine” (Section 37-3-101, MCA), and the Board should maintain such reasonable supervision to ensure that licensees, “maintain standards of conduct and exercise [their] privileges ... in the greatest public interest.” (Section 37-3-202, MCA). The greatest public interest in this case would be served by limiting the restriction of Dr. Kauffman’s license to obstetrics and gynecological cases, and leave him free to practice in all other fields in which he is qualified. The people in northwest Montana would be better served by such a course. The effect of the Board’s decision is to deny to a qualified practitioner the right to practice within all fields of his expertise in Montana. Under White, this is an abuse of discretion.
An example of going outside the record to justify a result is the resort by the agency and now this Court to a comparison of the agony felt by the bereaved families of the infants to the “inconvenience” of Kauffman’s loss of license. Our natural sympathies are *211 played upon and the punishing effect of the order is masked as just retribution.